**NEW CASTLE COUNTY; Rhone-Poulenc Inc.; Zeneca, Inc.**

v.

**HALLIBURTON NUS CORP.**

No. 96–7443.

United States Court of Appeals, Third Circuit.

June 3, 1997.

Present: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS, and McKEE, Circuit Judges, and DUPLANTIER, District Judge.*

### ORDER

The petition for rehearing filed by appellants in the above entitled case having been submitted to the judges who participated in the decision of this court and to all other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied. Judge Roth would have granted rehearing.**

STATEMENT OF JUDGE ROTH

I voted for rehearing in banc because of what I perceive as the unnecessary breadth of this opinion. I agree that the appellant, New Castle County, is a potentially responsible person and is in effect seeking contribution from Halliburton NUS. I agree that a claim for contribution must be brought under § 113(f)(1), rather than under § 107(a)(4)(B). I agree that, for this reason, New Castle County is not entitled to the longer statute of limitations period available under § 107. My concern here is the language at page 1124:

We do not decide under what circumstances a private individual may rely on section 107, or whether we endorse any of the exceptions for "innocent" landowners suggested by our sister courts. It is sufficient that we decide that a potentially responsible person under section 107(a), who is not entitled to any of the defenses enumerated under section 107(b), may not bring a section 107 action against another potentially responsible person.

I do not believe that this broad assertion, precluding all recovery to non-innocent landowners under § 107(a)(4)(B), is necessary in the present case. I would limit the holding to state that a potentially responsible person cannot use § 107(a)(4)(B) to try to resuscitate a lapsed claim for contribution.

I do not believe that my concern is isolated. The Seventh Circuit has recognized that a not-so-innocent party, a party not entitled to the § 107(b) defenses, might still be entitled to bring a direct action under § 107(a)(4)(B). *See AM Int'l, Inc. v. Datacard Corp.,* 106 F.3d 1342, 1347 (7th Cir.1997)(permitting a "little less 'innocent' "

---

* Judge Duplantier, who sat by designation, voted only as to panel rehearing.

** Attached is Judge Roth's statement of her vote for rehearing.

landowner, who had presumably paid less for the property because it knew it was buying into a cleanup, to pursue response costs under § 107(a)(4)(B)). I can envisage other situations where contribution has been precluded, perhaps because one of the potentially responsible parties has been relieved of liability to the United States by a discharge in bankruptcy, but where another potentially responsible party should still be permitted to recover direct costs under § 107(a)(4)(B). My vote for rehearing reflects my concern for the interpretation that this opinion may be given.